UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALLANNA WARREN,

        Plaintiff,

    v.

APPLEONE INC., HOWROYD-WRIGHT
EMPLOYMENT AGENCY, INC.,

        Defendants.

Case No. 2:23-cv-01370-CDS-EJY

**ORDER AND REPORT AND
RECOMMENDATION**

## I.    Introduction

Pending before the Court is Plaintiff's Amended Complaint (ECF No. 12), which the Court screens under the standards established by law.

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the

1    complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given

2    leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United*

3    *States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

4    **II.    Plaintiff's Amended Complaint**

5    Plaintiff's Amended Complaint alleges sex and race discrimination under Title VII of the

6    1964 Civil Rights Act (42 U.S.C. § 2000e), and disability discrimination under Americans with

7    Disabilities Act (42 U.S.C. § 12112 *et seq*.).  Plaintiff also lists 42 U.S.C. §§ 1981 and 1983 as the

8    basis for her claims.  There are no facts alleged in the Amended Complaint; however, attachment 1,

9    which the Court treats as incorporated into the Amended Complaint, alleges sexual harassment by

10   an Apple One coworker.  ECF No. 12-1.  Plaintiff says she complained about sexual harassment to

11   Apple One and Anthem (the entity to which she was assigned by Apple One), both entities said they

12   would investigate her claims, but soon thereafter she was terminated.

13        A.    Plaintiff's ADA Claim Several Reasons.

14   Plaintiff does not attach her Charge of Discrimination to her Amended Complaint and does

15   not allege facts demonstrating that she named Apple One as a respondent in that Charge or that she

16   alleged discrimination under the ADA.  Plaintiff also does not identify a disability, whether actual

17   or perceived, in her Amended Complaint.  ECF No. 12-1.

18   Exhausting administrative remedies by filing a timely charge with the U.S. Equal

19   Employment Opportunity Commission ("EEOC") or the appropriate state agency (the Nevada Equal

20   Rights Commission), in which the defendant is named, is a statutory prerequisite for an employee to

21   pursue litigation under the ADA.  42 U.S.C. § 12117(a).  A plaintiff bringing a claim of disability

22   discrimination against her employer under the ADA must first file a Charge of Discrimination with

23   the EEOC and receive a Right to Sue notice.  *Rodriguez v. Airborne Express*, 265 F.3d 890, 901 (9th

24   Cir. 2001).  "When an employee seeks judicial relief for incidents not listed in his original charge to

25   the EEOC, the judicial complaint nevertheless may encompass any discrimination *like or reasonably*

26   *related to* the allegations of the EEOC charge, including new acts occurring during the pendency of

27   the charge before the EEOC."  *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th

28   Cir. 1973) (emphasis added).

2

Plaintiff's attachment to her Amended Complaint, which does show an EEOC Charge number, does not identify who was named in her Charge and alleges no facts related to the ADA. Thus, Plaintiff fails to demonstrate she exhausted an ADA claim before raising this claim in Court.

Further, to state a prima facie discriminatory termination claim under the ADA, Plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) this Defendant terminated her because of disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir.1996). Plaintiff must also "allege how [s]he is disabled within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073, at *4 (N.D. Cal. Jan. 5, 2024). When a plaintiff fails to do so, she "does not allege" a claim under the ADA. *Id. citing Warner v. Delano*, Case No. 21-cv-5666-HSG, 2021 WL 5507160, at *2 (N.D. Cal. Nov. 24, 2021).

Given Plaintiff's failure to demonstrate she filed a Charge of Discrimination in which Apple One was named as a respondent and silence regarding any alleged or perceived disability, that she was qualified for her job, and or that she was terminated because of an actual or alleged disability, *see* ECF Nos. 12, 12-1, Plaintiff's ADA claim fails.

B.    Plaintiff's Title VII Claim.[1]

i.    *Race Discrimination.*

To state a *prima facie* claim of race discrimination under Title VII, Plaintiff must allege she (1) belongs to a class of persons protected by Title VII, (2) performed her job satisfactorily, (3) suffered an adverse employment action, and (4) was treated differently than similarly situated employees who does not belong to the same protected class as Plaintiff. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). To state a claim of race harassment, Plaintiff must allege (1) conduct of a racial nature, (2) that is so severe or pervasive as to alter the terms and conditions of her working environment, and (3) that the conduct was unwelcome. 42 U.S.C.A. § 2000e–2(a)(1). Other than identifying her race, Plaintiff alleges no facts that touch upon race discrimination. ECF No. 12, 12-1. Plaintiff does not attach her Charge of Discrimination and the

---

[1]    Plaintiff's failure to identify the respondent named in her Charge of Discrimination also bars her proceeding on her Title VII race and sex claims. 42 U.S.C.A. § 2000e-5(b).

1   attachment she provides is silent with respect to race.  Under these circumstances, Plaintiff fails to

2   state a claim against Apple One based on race.

3                    *ii.       Sex Discrimination.*

4            To state a *prima facie* hostile work environment, sexual harassment claim a plaintiff must

5   show that she experienced (1) conduct of a sexual nature, (2) that is so severe or pervasive as to alter

6   the terms and conditions of her working environment, and (3) that the conduct was unwelcome.

7   *Harris v. Forklift Systems*, 510 U.S. 17 (1993); *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th

8   Cir. 2000); *Ellison v.* Brady, *924* F.2d 872, 875 (9th Cir. 1991).  Plaintiff's attachment 1 states she

9   was "sexually harassed by … [her] male coworker" during a training program and that she

10  "repeatedly" asked the coworker to stop.  ECF No. 12-1.  These facts, while relating to sexual

11  harassment, fail to state sufficient facts to establish that the conduct was severe or pervasive such

12  that Plaintiff's working environment was altered.  In sum, Plaintiff fails to demonstrate a plausible

13  claim for relief—something more than a "mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

14  For this reason, the Court recommends dismissing Plaintiff's sexual hostile work environment claim

15  without prejudice.

16          C.       Plaintiff Fails to State §§ 1981 and 1983 Claims.

17          42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides a 'method

18  for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94

19  (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  Thus, Plaintiff's listing of §

20  1983 as a basis for her claims fails as a matter of law.

21          The elements of a *prima facie* case of race based disparate treatment are the same under 42

22  U.S.C. § 1981 as they are under Title VII, 42 U.S.C. s 2000e *et seq*.  The complainant in a § 1981

23  case carries the initial burden of establishing a *prima facie* case of racial discrimination.  *Gay v.*

24  *Waiters' and Dairy Lunchmen's Union, Local No. 30.*, 489 F.Supp. 282, 295 (N.D. Cal. 1980).  Here,

25  as discussed above, Plaintiff's Amended Complaint alleges no facts supporting a claim of race based

26  discrimination other than identifying Plaintiff as African American.  ECF Nos. 12, 12-1.  For this

27  reason, Plaintiff fails to state a claim under 42 U.S.C. § 1981.

28

**III.    Order**

IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint (ECF No. 12) is DISMISSED without prejudice with respect to her claims for disability discrimination under the Americans with Disabilities Act, race and sex discrimination under Title VII, and race discrimination under 42 U.S.C. § 1981.  Plaintiff is provided **one** additional opportunity to plead such claims. Plaintiff must file a second amended complaint no later than **January 10, 2025**.  The second amended complaint must establish Plaintiff exhausted her administrative remedies (that is, filed a charge of discrimination) alleging discrimination under the American with Disabilities Act, race discrimination, and sex discrimination against Apple One.  Plaintiff must also plead facts supporting the elements of each of these claims.  Plaintiff may replead a § 1981 claim with facts supporting a race based claim under this statute if she so chooses.

Plaintiff is further advised that if she files a second amended complaint, the original complaint and amended complaint (ECF Nos. 6, 12) no longer serve any function in this case.  As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended complaint complete.  Plaintiff will not be given an opportunity to file a third amended complaint.

IT IS FURTHER ORDERED that failure to comply with this Order may result in a recommendation that this action be dismissed.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claim alleging a violation of 42 U.S.C. § 1983 be DISMISSED with prejudice as no such claim exists as a matter of law.

Dated this 9th day of December, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1

**<u>NOTICE</u>**

2        Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in

3    writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds

4    that the courts of appeal may determine that an appeal has been waived due to the failure to file

5    objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit

6    also holds that (1) failure to file objections within the specified time, and (2) failure to properly

7    address and brief the objectionable issues waives the right to appeal the District Court's order and/or

8    appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

9    Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28