UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Allanna Warren,

        Plaintiff

v.

AppleOne Inc.,

        Defendant

Case No. 2:23-cv-01370-CDS-EJY

**Order Adopting in Part Magistrate Judge's Report and Recommendation**

[ECF No. 28]

    Pro se plaintiff Allanna Warren brings this discrimination lawsuit against her former employer AppleOne, Inc. I incorporate by reference, as if set forth fully herein, the procedural history presented in the report and recommendation (R&R) issued by United States Magistrate Judge Elayna Youchah on March 6, 2025. R&R, ECF No. 28. There, she recommends that I dismiss Warren's case without prejudice but without leave to amend due to Warren's failure to file a second amended complaint before the February 25, 2025 deadline. *Id.* Warren had until March 20, 2025, to file any specific written objections to the magistrate judge's findings and recommendations (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). As of the date of this order, Warren has neither objected, amended her complaint, nor moved for an extension of time to do either.

    Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

---

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

cases on their merits, and (5) the availability of less drastic sanctions." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. Warren failed to comply with the court's order to file an amended complaint establishing that she exhausted her administrative remedies and demonstrating facts supporting her allegations of discrimination under the American with Disabilities Act, race discrimination, and sex discrimination against AppleOne. This failure to amend has caused the action to come to a complete halt as it is impossible to move forward without an operative complaint. Therefore, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. That is why it has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986).

The third factor for consideration, the risk of prejudice to the defendant, also weighs in favor of dismissal. Although AppleOne has not yet been served, and the mere pendency of a lawsuit is not sufficiently prejudicial to warrant dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence). Here, Warren has not offered any excuse for her failure to comply with the court's order to timely amend, which has caused an unexplained and unreasonable delay.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Because it is Warren's responsibility to move the case toward disposition at a reasonable pace, I find that the fourth factor is greatly outweighed by the factors favoring dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Warren was provided adequate warning that dismissal would result from her failure to comply with court orders. *See, e.g.*, ECF No. 5 at 3; ECF No. 17 at 5; ECF No. 24. Her failure to do so, despite multiple warnings of the consequences, leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative to dismissal available here.

However, because I find dismissal without prejudice a sufficient resolution to this case, I do not adopt the recommendation that leave to amend be denied, and therefore, Warren's complaint is simply dismissed without prejudice.

**Conclusion**

Because I find that four of the five factors strongly support dismissal, I **adopt in part** the magistrate judge's report and recommendation **[ECF No. 28]**, therefore this case is **dismissed without prejudice**. The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: April 2, 2025

_____
Cristina D. Silva
United States District Judge